## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEVERLYN SUMAH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. PJM 05-963 |
| | ) | |
| **SUNRISE SENIOR LIVING** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Beverlyn Sumah ("Sumah") has filed a Complaint against Sunrise Senior Living Services, Inc. ("Sunrise") alleging violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, *et seq*. ("FMLA"). Sunrise has moved to dismiss the Complaint.

The Parties have requested that the matter be decided without a hearing. Having considered the pleadings, the Court will DENY Sunrise's Motion Dismiss.

I.

This suit arises from Sumah's employment with Sunrise, first as a Certified Nursing Assistant and later as a Reminiscence Coordinator.

In her Complaint, Sumah recounts that on December 4, 2003 she went out on FMLA leave to give birth to her child. On March 22, 2004, when she returned to work, Sunrise refused to restore her to her original or an equivalent position. Sumah charges that this was in violation of the FMLA.

Sunrise has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted, and Sumah has opposed this motion alleging additional facts and attaching exhibits, not contained

1

in her Complaint. The Court declines to transform this Motion into one for Summary Judgment, and will deny the Motion to Dismiss without prejudice to the filing of a Motion for Summary Judgment by Sunrise.

II.

Under Federal Rule of Civil Procedure 12(b)(6), a court may not dismiss a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1990). The court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969); Finlator v. Powers, 902 F.2d 1158, 1160 (4th Cir. 1990).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only tests the sufficiency of the complaint and "importantly, [ ] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (2003), citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1356 (1990).

III.

Sunrise contends that under the FMLA, Sumah was entitled to 12 weeks of protected leave. 29 C.F.R. § 825.200. By Sumah's own admissions in her Complaint, she was on leave from December 4, 2003 until March 22, 2004; i.e., for approximately 15 ½ weeks. Therefore, Sunrise argues, Sumah has failed to state a claim upon which relief may be granted.

Sumah responds that she submitted her leave form on November 5, 2003, and planned to use her accrued vacation time through January 5, 2004, before using her FMLA leave. Sumah contends that

Sunrise did not give her proper notice, pursuant to 29 U.S.C. § 825.208(b) of the FMLA, that any leave she took prior to the FMLA leave would not be counted as vacation leave. Therefore, she says, Sunrise waived its right to now argue that such leave was FMLA leave.

In addition, Sumah argues that not only did Sunrise approve her FMLA leave, but she was never contacted at any time during her leave, or informed immediately upon her return, that Sunrise believed she had exhausted her FMLA leave. Sumah contends that, as a result, Sunrise is equitably estopped from asserting that the leave was not protected by the FMLA.

In a civil action, a plaintiff need only file a complaint that consists of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Her averments must be simple, concise and direct. Fed. R. Civ. P. 8(e)(1). The Supreme Court has interpreted these requirements as meaning that a plaintiff must give a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Therefore, this Court may dismiss Sumah's Complaint *only* if it "appears beyond doubt that [she] can prove *no set of facts* that would entitle [her] to relief." Id at 45-46. (Emphasis added)

The information provided in Sumah's Opposition, while not included in the Complaint, merely provides a set of facts which arguably would entitle her to relief. That is all that is required at this stage of the litigation. The Court declines to convert Sunrise's Motion to Dismiss into one for Summary Judgment simply because Sumah has attached two documents to her opposition.[1]

---

[1] Sunrise contends that if the Court were to consider the attachments on their merits, the Court should still conclude that Sumah has failed to state a claim upon which relief may be granted. For example, the leave request form signed by Sumah on November 5, 2003 contains a paragraph that required Sumah to indicate how much vacation time she had accrued at that point and how much of that time she wished to apply toward her leave. Sumah left this paragraph blank. While such evidence may

Sunrise is reminded that if it feels that the factual scenario offered by Sumah in her opposition is easily disproved, it may move for Summary Judgment "at any time." Fed. R. Civ. P. 56(b). For now, Summary Judgment is not in order.

IV.

For all these reasons, Sunrise's Motion to Dismiss will be DENIED.

A Scheduling Order SHALL issue.

A separate Order implementing this decision will be entered.

August 24, 2005                                   /s/
                                          PETER J. MESSITTE
                                      UNITED STATES DISTRICT JUDGE

---

appear unpromising for Sumah, the Court will not adjudicate the potential factual dispute that is raised by this document at this stage in the litigation.